# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST,<br><br>        Plaintiff,<br><br>    v.<br><br>G. KABONIC, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-CV-01053-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(DOC. 1)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings and Recommendation**

**I.  Background**

    Plaintiff Ebone Leroy East ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on June 11, 2010.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: correctional officers G. Kabonic, Duff, H. Mendoza, and S. Gommier, appeals coordinator K. Sampson, correctional lieutenant T. Haak, and associate governmental program analyst J. Zanchi.

Plaintiff alleges the following. On September 22, 2009, Plaintiff was placed in a behavioral management unit ("BMU") for refusing to accept a cell mate. Plaintiff contends that the proposed cell mate was a member of a gang, and that placing such a cell mate with Plaintiff would lead to cell fights or other disruptive behavior. The BMU cell conditions are extreme in that there is a potential of harm for back problems. The cell contains only a 2-inch thick mat, with no bedding tables, or shelves for your belongings. Plaintiff contends that due process requires that he be seen by the institutional classification committee prior to BMU placement. Compl. 23-25.[1]

---

[1] Plaintiff's complaint is organized in a confusing manner, with exhibits submitted between the allegations in his complaint. All page numbers refer to the Court's numbering in the docket. Plaintiff is cautioned that the pleading requirements of Rule 8(a)(2) require only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

In Count One, Plaintiff alleges that Defendant Kabonic issued a rules violation report ("RVR") against Plaintiff on September 10, 2009 for obstructing a peace officer for Plaintiff's refusal to accept a possible gang-affiliated cell mate, which led to Plaintiff's placement in BMU for over twenty days. Compl. 52-56. In Count Two, Plaintiff alleges that Defendant Duff retaliated against Plaintiff by having him placed in a BMU cell. Compl. 56-59. In Count Three, Plaintiff alleges that Defendant H. Mendoza retaliated against Plaintiff by having him placed in a BMU cell. Compl. 60-64.

In Count Four, Plaintiff alleges that Defendant S. Gommier was assigned as Plaintiff's investigative employee to investigate Plaintiff's RVR. Compl. 64-68. Plaintiff contends that he is a participant in the mental health services delivery system at prison, and had demanded that a staff assistant be assigned. Plaintiff had provided a handwritten statement regarding the charge and questions for potential witnesses. Defendant S. Gommier allegedly deprived him of this right by not gathering information from inmate Pratt and mental health staff.

In Count Five, Plaintiff alleges that Defendant K. Sampson retaliated against Plaintiff for his filing of inmate grievances. Compl. 68-71.

In Count Six, Plaintiff alleges that Defendant T. Haak threatened Plaintiff with sexual misconduct and placement in a BMU cell for his filing of inmate grievances. Compl. 72-75.

In Count Seven, Plaintiff alleges that Defendant J. Zanchi retaliated against Plaintiff for his filing of inmate grievances. Compl. 76-80.

Plaintiff alleges a violation of the First Amendment, Eighth Amendment, Fourteenth Amendment, and California Penal Code section 147.

**III.  Analysis**

    **A.  First Amendment Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

3

adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 1. Defendant Kabonic

Plaintiff alleges that Defendant Kabonic retaliated against Plaintiff by placing him in a BMU cell on the charge of obstructing a peace officer. Plaintiff alleges that he had refused to be housed with a possible gang member, and contends that he has a constitutional right to do so.

Plaintiff fails to state a retaliation claim. Refusing to accept a cell mate is not protected conduct. *See Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010) (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("'freedom of association is among the rights least compatible with incarceration'")). Thus, there is no protected First Amendment conduct at issue.

### 2. Defendant Duff

Plaintiff alleges that Defendant Duff had another correctional officer place Plaintiff on BMU status for refusing to accept a cell mate. Plaintiff fails to state a retaliation claim for the reasons given above regarding Defendant Kabonic.

### 3. Defendant H. Mendoza

Plaintiff alleges that Defendant Mendoza followed a superior's orders and placed Plaintiff on BMU status for Plaintiff refusing to accept a cell mate. Plaintiff fails to state a retaliation claim for the reasons given above regarding Defendant Kabonic.

### 4. Defendant S. Grommier

Plaintiff's allegations of retaliation against Defendant S. Grommier concern certain alleged failures by Defendant Grommier regarding Plaintiff's disciplinary hearing. The Court will address these allegations below when discussing due process. Plaintiff fails to state a retaliation claim, as it is unclear what protected conduct Defendant Grommier allegedly retaliated against. If Plaintiff refers to his refusal to accept a cell mate, Plaintiff fails to state a retaliation claim as such refusal is not protected conduct.

///

### 5. Defendant K. Sampson

Plaintiff alleges that on September 29, 2009, Plaintiff filed a grievance against Defendant Grommier for failing to do her job. Plaintiff received a response on October 12, 2009, in which Defendant Sampson denied Plaintiff's grievance because Plaintiff was limited to one non-emergency appeal per week. Plaintiff subsequently re-filed the inmate grievance on October 12, 2009, and did not receive a response.

Plaintiff received the final copy of his rules violation report on October 30, 2009. Plaintiff subsequently filed his grievance on or around November 4, 2009. Plaintiff alleges that Defendant K. Sampson denied Plaintiff's grievance on November 16, 2009 because he exceeded the one-page limit for additional comments, and because he did not timely grieve this issue. Plaintiff alleges retaliation.

Plaintiff fails to state a claim. Plaintiff complains of how Defendant Sampson found that Plaintiff's grievance was untimely. Plaintiff fails to link Defendant to an adverse action. While inmates have the right to file grievances, they do not have a liberty interest in how the grievance is processed because prisoners have no entitlement to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).[2]

### 6. Defendant T. Haak

Plaintiff alleges retaliation by Defendant Haak when he threatened Plaintiff with sexual misconduct and to have Plaintiff placed on BMU for appealing his inmate grievance. Plaintiff fails to state a claim against Defendant Haak. It is unclear what Plaintiff refers to by threats of sexual misconduct. The Court does not find this to be sufficient to state a plausible claim. Iqbal,

---

[2] Plaintiff also alleges a violation of due process. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."" *Sandin*, 515 U.S. at 484.
   As stated previously, there is no due process violation because there is no liberty interest in a specific grievance procedure. *Ramirez*, 334 F.3d at 860. Even if Defendant Sampson was in error in denying Plaintiff's grievances, that is not a due process claim.

5

129 S. Ct. at 1949.  Placing Plaintiff on BMU status for appealing an inmate grievance also fails to state a retaliation claim.  Plaintiff has previously alleged that Defendants placed Plaintiff on BMU status because of his refusal to accept a cell mate.  As stated previously, such refusal is not protected conduct.

### B.        Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff appears to allege that Defendants' placement of Plaintiff on BMU status violated the Eighth Amendment.  Plaintiff fails to state a claim.  Plaintiff fails to allege how such placement constituted a substantial risk of serious harm to Plaintiff.  Plaintiff alleges that he was deprived of the "minimal civilized measures of life's necessities," including lack of bedding, table, or shelves.  The Court does not find that deprivation of bedding, tables, or shelves by itself constitutes a deprivation of the minimal civilized measures of life's necessities.

### C.        Due Process - Disciplinary Hearing

Plaintiff alleges that Defendant Grommier was assigned as Plaintiff's investigative employee regarding the Rules Violation Report for obstructing a peace officer by refusing to accept a cell mate. Plaintiff alleges that he was deprived of due process during the hearing because Defendant Grommier failed to produce the presence of certain witnesses at Plaintiff's hearing, including an inmate, prison doctor, and Defendant Grommier.

6

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71.

Plaintiff fails to state a due process claim. Plaintiff contests only that he was not provided the opportunity to call witnesses. However, it is unclear whether Defendant Grommier was required to provide Plaintiff with the witnesses. Defendant Grommier was Plaintiff's investigative employee, not the senior hearing officer who reviewed the disciplinary hearing. Based on the submitted documents and allegations, it does not appear that Plaintiff was prevented from presenting his version of events, namely that Plaintiff refused to be housed with a cell mate who had noticeable tattoos, suggestive of being a gang member. The purpose of allowing a prisoner to call witnesses and present documentary evidence is in support of his defense. *See Wolff*, 418 U.S. at 566 (finding that prison officials may have discretion to refuse calling a witness, including "irrelevance, lack of necessity, or the hazards presented in individual

cases"). Based on Plaintiff's allegations, Plaintiff was able to testify at his hearing that he refused to house with an inmate because the inmate was a possible gang member. Based on the allegations, there was no dispute by Defendants that Plaintiff refused to be housed with an inmate, and that he presented no reason other than he did not want to be housed with a gang member. This does not rise to the level of a due process violation.

### IV. Conclusion And Recommendation

Plaintiff fails to state any cognizable claims against any Defendants. The Court does not find that Plaintiff will be able to amend his complaint to cure the deficiencies identified herein. Therefore, the Court does not recommend leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that

1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and
2. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 6, 2011**          /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE